**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CASE NO: 6:26-CV-00544-JA-NWH**

| | |
|---|---|
| ANTHONY HAYNES,<br><br>     Plaintiff,<br><br>    v.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, BANK OF AMERICA CORPORATION, THE BANK OF MISSOURI, CONCORA CREDIT, INC., FIRST PREMIER BANK, CAPITAL ONE, N.A., CAPITAL ONE AUTO FINANCE, FLAGSHIP CREDIT ACCEPTANCE, CELTIC BANK, PRESTIGE FINANCIAL SERVICES, CREDIT ONE BANK, N.A., AMERICAN EXPRESS CORPORATION, ALLY FINANCIAL, CONSUMER PORTFOLIO SERVICES LLC., GLOBAL LENDING SERVICES LLC, CREDIT ACCEPTANCE, EXETER FINANCE LLC, and SANTANDER CONSUMER USA INC.,<br><br>     Defendants. | |

**EQUIFAX INFORMATION SERVICES LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT AND**
<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

Equifax Information Services LLC ("Equifax"), by and through its attorneys

and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby

325027316v.1

answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

## COMPLAINT ¶1:

Plaintiff, Anthony Haynes (hereinafter "Plaintiff" or "Mr. Haynes") brings this action against Defendants Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), Bank of America Corporation ("BOA"), The Bank of Missouri ("TBOM"), Concora Credit, Inc. ("Concora"), First Premier Bank ("FPB"), Capital One, N.A. ("Capital One"), Capital One Auto Finance ("Capital One Auto"), Flagship Credit Acceptance ("FCA"), Celtic Bank ("CB"), Prestige Financial Services ("PFS"), Credit One Bank, N.A. ("COB"), American Express Corporation ("AMEX"), Ally Financial ("ALLY"), Consumer Portfolio Services Inc.("CPS"), Global Lending Services LLC ("GLS"), Credit Acceptance Corp. ("CAC"), Exeter Finance LLC ("Exeter") and Santander Consumer USA Inc. ("Santander") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (hereinafter "FCRA").

## ANSWER:

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and

2

325027316v.1

further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax

denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

**COMPLAINT ¶2:**

This Court has jurisdiction under 28 U.S.C. § 1331 and/or 15 U.S.C. § 1581(p) because this action arises under the laws of the United States.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits

that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Supplemental jurisdiction exists for Plaintiff's FCCPA claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits

that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶4:**

Defendants' voluntary contact with Plaintiff in Florida made it foreseeable that they would be hailed into a Florida court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

**ANSWER:**

Equifax states that the case law referenced by this paragraph speaks for itself,

and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

3

325027316v.1

misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COMPLAINT ¶5:**

Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Orange County, Florida.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

**COMPLAINT ¶6:**

Plaintiff is a natural person who, at all times relevant to this action is and was a resident of Orange County, Florida and is a "consumer" as defined by 15 U.S.C. § 1681a(c), and 15 U.S.C. §1692a(3).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff is a natural person and qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶7:**

Trans Union is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

4

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶8:**

Trans Union is a limited liability company incorporated under the laws of the State of Delaware, whose members are citizens of the state of Illinois. Trans Union is authorized to do business in and regularly conducts business in the State of Florida and engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶9:**

Experian is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶10:**

Experian is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and engages

5

in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

Equifax is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶12:**

Equifax is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

**ANSWER:**

Equifax admits that it is a Georgia limited liability company that is registered to do business in the State of Florida. Equifax also admits that, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties. Equifax denies the remaining allegations in this paragraph.

325027316v.1

**COMPLAINT ¶13:**

Defendant Bank of America Corporation ("BOA") is a North Carolina corporation incorporated under the laws of the State of Delaware that regularly conducts business in the state of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 100 North Tryon Street, Charlotte, North Carolina 28202. At all relevant times, it was a "user" as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶14:**

Defendant The Bank of Missouri ("TBOM") is a foreign corporation that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 916 North Kings Highway, Perryville, MO 63775. At all relevant times, it was a "user" as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

Defendant Concora Credit Inc. ("Concora") is a foreign corporation that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 14600 NW Greenbrier Pkwy, Beaverton, OR 97006. At all relevant times, it was a "user" as defined by the FCRA.

7

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶16:**

Defendant First Premier Bank ("FPB") is a foreign corporation that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 601 S. Minnesota Avenue, Sioux Falls, SD 57104. At all relevant times, it was a "user" as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

Defendant Capital One, N.A. ("Capital One") is a national banking association that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 1680 Capital One Drive, McLean, VA 22102. At all relevant times, it was a "user" as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

8

**COMPLAINT ¶18:**

Defendant Capital One Auto Finance ("Capital One Auto") is a division or subsidiary of Capital One, N.A. that regularly conducts business in the State of Florida with a principal place of business located at 7933 Preston Road, Plano, TX 75024. At all relevant times, it was a "user" as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

Defendant Flagship Credit Acceptance ("FCA") is a foreign corporation that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 3 Christy Drive, Suite 201, Chadds Ford, PA 19317. At all relevant times, it was a "user" as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

Defendant Celtic Bank ("CB") is a foreign corporation that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 268 South State Street, Suite 300, Salt Lake City, UT 84111. At all relevant times, it was a "user" as defined by the FCRA.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

Defendant Prestige Financial Services ("PFS") is a foreign corporation that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 351 West Opportunity Way, Draper, UT 84020. At all relevant times, it was a "user" as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶22:**

Defendant Credit One Bank, N.A. ("COB") is a national banking association that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 585 Pilot Road, Las Vegas, NV 89119.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

**COMPLAINT ¶23:**

Defendant American Express Corporation ("AMEX") is a corporation that regularly conducts business in the state of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 200 Vesey Street, New York, NY 10285. At all relevant times, it was a "user" as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

Defendant Ally Financial ("ALLY") is a foreign corporation that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 500 Woodward Avenue, Detroit, MI 48226. At all relevant times, it was a "user" as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶25:**

Defendant Consumer Portfolio Services Inc. ("CPS") is a foreign corporation that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 19500 Jamboree Road, Irvine, CA 92612. At all relevant times, it was a "user" as defined by the FCRA.

11

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

Defendant Global Lending Services LLC ("GLS") is a foreign corporation that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 1200 Brookfield Blvd, Suite 300, Greenville, SC 29607. At all relevant times, it was a "user" as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

Defendant Credit Acceptance Corp. ("CAC") is a foreign corporation that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 25505 West Twelve Mile Road, Southfield, MI 48034. At all relevant times, it was a "user" as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

**COMPLAINT ¶28:**

Defendant Exeter Finance LLC ("Exeter") is a foreign limited liability company that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 2101 West John Carpenter Freeway, Irving, TX 75063. At all relevant times, it was a "user" as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

Defendant Santander Consumer USA Inc. ("SCU") is a foreign corporation that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 1601 Elm Street, Suite 800, Dallas, TX 75201. At all relevant times, it was a "user" as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

Defendants BOA, TBOM, Concora, FPB, Capital One, Capital One Auto, FCA, CB, PFS, COB, AMEX, ALLY, CPS, GLS, CAC, EXETER, and SCU, use instrumentalities of interstate commerce for the purpose of obtaining credit reports and/or furnishing information on specific trade accounts to the consumer reporting agencies, Trans Union, Equifax and Experian, (collectively "credit reporting agencies").

13

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶31:**

These instrumentalities of interstate commerce are largely electronic, written, or telephonic communications which have effects on consumers and their credit reports within the State of Florida.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**STATUTORY FRAMEWORK OF THE FAIR CREDIT REPORTING ACT**

**COMPLAINT ¶32:**

The Fair Credit Reporting Act, 15 U.S.C. §1681 et. seq., was originally enacted in 1970 for the purpose of regulating the collection, dissemination, and use of consumer credit information.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak

for themselves, and Equifax denies the allegations to the extent Plaintiff misstates,

mischaracterizes, misquotes, or takes out of context the contents of the statutory

provisions referenced by this paragraph.

14

325027316v.1

**COMPLAINT ¶33:**

Congress found that "[i]naccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." See 15 U.S.C. §1681(a)(1).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶34:**

"The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. The consumer has a right to information which is accurate; he has a right to correct inaccurate or misleading information; he has a right to know when inaccurate information is entered into his file; he has a right to see that the information is kept confidential and is used for the purpose for which it is collected; and he has a right to be free from unwarranted invasions of his personal privacy." The Fair Credit Reporting Act seeks to secure these rights." Hearings on S. 823 Before the Subcomm. on Financial Institutions of the S. Comm. on Banking and Currency, 91st Cong. 2 (1969).

**ANSWER:**

The allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph.

15

325027316v.1

**COMPLAINT ¶35:**

A "furnisher of information" provides information about consumers' credit history to credit reporting agencies. See 15 U.S.C. §1681s-2.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶36:**

Congress also found that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." See 15 U.S.C. § 1681(a)(3),(4).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶37:**

The FCRA was amended by Congress in 2003 by the Fair and Accurate Credit Transaction Act ("FACTA"), Pub L. No. 108-159 (2003), in order to, among other things, "prevent identity theft, improve resolution of consumer disputes, [and] improve the accuracy of consumer records."

16

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶38:**

Prior to the 2003 amendments, victims of identity theft were afforded no special protections under the FCRA. As such, consumer reporting agencies ("CRAs", and also referred to herein as "credit reporting agencies") were under no obligation to treat an identity theft claim any different than a regular dispute.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶39:**

The 2003 amendments made it easier for identity theft victims to get information resulting from identity theft removed from their credit reports. By enacting 15 U.S.C. § 1681c-2(a), Congress required credit reporting agencies to block the reporting of any information in the file of a consumer that the consumer identifies as resulting from identity theft, not later than four business days after receiving (1) appropriate proof of identity, (2) a copy of an identity theft report, (3) the identification of such information by the consumer, and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

325027316v.1

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶40:**

A credit reporting agency may decline to "block" information only if the credit reporting agency reasonably determines that the consumer's request is made in error, was based on a material misrepresentation or the consumer obtained goods, services or money as a result of the blocked transaction. See 15 U.S.C. § 1681c-2(c)(1). 15. If a block is declined, the credit reporting agency must then notify the consumer promptly, in the same manner as consumers are notified of the reinsertion of information under § 1681i(a)(5)(B). See 15 U.S.C. §§ 1681c-2(c)(2).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶41:**

In the absence of such a determination of material misrepresentation or error, a credit reporting agency cannot decline a request to block without first requesting additional information from the consumer for the purpose of determining the validity of the alleged identity theft. See 12 C.F.R. § 1022.3(i)(1)(iii)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates,

18

mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

## COMPLAINT ¶42:

"[I]f a CRA receives a police report containing detailed information as well as the signature, badge number, or other identifying information for the officer taking the report, it is not reasonable for the CRA to request additional information without 'an identifiable concern,' such as an indication that the report was fraudulent." *Osada v. Experian Info. Solutions, Inc*., No. 11-C-2856, 2012 WL 1050067, at *3 (N.D. Ill. Mar. 28, 2012) (citing 16 C.F.R. § 603.3(c)(1) (renumbered at 12 C.F.R. § 1022.3(i)(3)(i)).

## ANSWER:

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

## COMPLAINT ¶43:

The FCRA requires a credit reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information" each time it prepares a consumer report. 15 U.S.C. § 1681e(b).

## ANSWER:

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

19

325027316v.1

**COMPLAINT ¶44:**

The FCRA requires that if a consumer disputes any item of information contained in their credit file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C.S. § 1681i(a)(1)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶45:**

In performing the reinvestigation, the FCRA requires the credit reporting agency to "review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C.S. § 1681i(a)(4).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶46:**

The FCRA also requires the credit reporting agency to provide notification of the dispute to the person who provided any item that is disputed, along with all

20

325027316v.1

relevant information received from the consumer regarding the dispute. 15 U.S.C.S. § 1681i(a)(2)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶47:**

The FCRA requirements are important, because they help credit reporting agencies ensure that the information in their consumer reports is accurate, they assure that consumers know all the information that is in their files and who has received or requested their reports, and they protect consumer privacy.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶48:**

If the violation is negligent, the FCRA allows the consumer to recover actual damages. 15 U.S.C. § 1681o(a).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates,

21

mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶49:**

If the violation is willful, the consumer may recover any actual damages, or statutory damages of not less than $100 and not more than $1,000, and punitive damages. 15 U.S.C. § 1681n(a).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶50:**

A consumer who succeeds on a FCRA action is also entitled to recover their costs and reasonable attorney fees. 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶51:**

The FCRA provides a private right of action against any person that violates the provisions of the FCRA. See 15 U.S.C. §§ 1681o, 1691n.

22

325027316v.1

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶52:**

The FCRA prohibits a CRA from furnishing a consumer report on a consumer unless it has reason to believe that the person requesting the report intends to use the information in connection with a credit transaction, insurance underwriting, or other legitimate business purpose involving the consumer on whom the information is to be furnished. 15 U.S.C. § 1681b(a)(3).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶53:**

The FCRA prohibits a CRA from furnishing to any person a record of inquiries in connection with a credit or insurance transaction that is not initiated by a consumer. 15 U.S.C. § 1681b(c)(3).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates,

23

mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

## COMPLAINT ¶54:

"Furnishers of information" under the FCRA, pursuant to 15 U.S.C. §1681s-2(b) to conduct a reasonable investigation into each of the written disputes that it receives from the credit reporting agencies. See also Hinkle v. Midland Credit Mgmt., Inc., 827 F.3d 1295, 1302 (11th Cir. 2016).

## ANSWER:

Equifax states that the statutory provisions and case law referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions and case law referenced by this paragraph.

## COMPLAINT ¶55:

The FCRA requires credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of" consumer reports. 15 U.S.C. § 1681e(b). If a consumer disputes information contained in their credit report, the FCRA requires a credit reporting agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C.S. § 1681i(a)(1)(A).

## ANSWER:

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates,

24

325027316v.1

mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

## COMPLAINT ¶56:

If the disputed information is inaccurate or incomplete or cannot be verified, the consumer reporting agency "shall...(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." 15 U.S.C. § 1681(a)(5)(A)(i),(ii).

## ANSWER:

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

## COMPLAINT ¶57:

If the violation is negligent, the FCRA allows the consumer to recover actual damages (§ 1681o(a)); however, if the violation is willful, the consumer may recover any actual damages or statutory damages from not less than $100.00 and not more than $1,000. § 1681n(a).

## ANSWER:

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

325027316v.1

**COMPLAINT ¶58:**

Under the FCRA, "[t]he term "consumer report" generally refers to any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for-

    (A)    credit or insurance to be used primarily for personal, family, or household purposes;

    (B)    employment purposes; or

    (C)    any other purpose authorized under section 1681b of this title."

U.S.C. § 1681a(d)(1).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶59:**

The terms "consumer report", "credit report", and "consumer credit report" are used synonymously herein.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

*National CRAs and Furnishers Communicate Consumer Disputes and Responses via the E-Oscar Reporting Platform*

**COMPLAINT ¶60:**

The FCRA requires CRAs to implement an automated reinvestigation system through which furnishers of information to the CRAs may report the results of a reinvestigation that finds incomplete or inaccurate information in a consumer's file. 15 U.S.C. § 1681i(a)(5)(D).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶61:**

To comply with the automated dispute reinvestigation requirements of the FCRA, Trans Union, Equifax, and Experian along with Innovis Data Solutions, Inc., developed and implemented a browser-based software system that allows the CRAs to electronically notify furnishers quickly and easily of disputed credit reporting information, and for furnishers to quickly and easily respond to such disputes following the furnisher's investigation of the disputed information.

**ANSWER:**

Equifax admits that it has implemented an automated system through which furnishers of information may report the results of a reinvestigation to it. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶62:**

The system is commonly referred to as e-OSCAR (Online Solution for Complete and Accurate Reporting) and was designed to be Metro 2 compliant. See http://www.e-oscar.org/gettingstarted (last accessed December 9, 2025).

27

325027316v.1

**ANSWER:**

Equifax admits that the e-OSCAR system uses a specific lexicon, but denies that is the only one used. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶63:**

The e-OSCAR system primarily supports Automated Credit Dispute Verification ("ACDV") and Automated Universal Data Form ("AUD") processing, as well as other consumer-dispute-related processes. See http://www.e-oscar.org/gettingstarted (last accessed December 9, 2025).

**ANSWER:**

Equifax admits that the e-OSCAR system uses a specific lexicon, but denies that is the only one used. Equifax admits that when investigation results are returned to it via e-OSCAR, the updated ACDV reflects the furnisher's response regarding the accuracy of disputed information; if any account information was updated during the investigation; or if the account should be deleted. Equifax denies that these are the only representations contained in an ACDV, and lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

**COMPLAINT ¶64:**

The National CRAs provide notice of a consumer's dispute to data furnishers in the ACDV format and forward the ACDV to the furnisher through e-OSCAR.

**ANSWER:**

Equifax admits that the e-OSCAR system uses a specific lexicon, but denies that is the only one used. Equifax admits that when investigation results are returned

28

325027316v.1

to it via e-OSCAR, the updated ACDV reflects the furnisher's response regarding the accuracy of disputed information; if any account information was updated during the investigation; or if the account should be deleted. Equifax denies that these are the only representations contained in an ACDV, and lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

**COMPLAINT ¶65:**

If a furnisher's investigation of a consumer's dispute determines that the information in dispute is incomplete or inaccurate, the FCRA requires the furnisher to correct the information not only with the CRA that sent the ACDV, but with all other CRAs to whom the furnisher reported that information. 15 U.S.C. § 1681s-2(b)(1)(D).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶66:**

The e-OSCAR system facilitates the furnisher's compliance with 15 U.S.C. § 1681s-2(b)(1)(D) by sending a "Carbon Copy" of an ACDV response "to each CRA with whom the [furnisher] has a reporting relationship" in addition to the response to the initiating CRA. See http://www.e-oscar.org/gettingstarted (last accessed December 9, 2025).

325027316v.1

**ANSWER:**

Equifax admits that the e-OSCAR system uses a specific lexicon, but denies that is the only one used. Equifax admits that when investigation results are returned to it via e-OSCAR, the updated ACDV reflects the furnisher's response regarding the accuracy of disputed information; if any account information was updated during the investigation; or if the account should be deleted. Equifax denies that these are the only representations contained in an ACDV, and lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

**COMPLAINT ¶67:**

Additionally, a furnisher can manually correct a tradeline with a CRA other than the one that initiated a dispute by sending an AUD within e-OSCAR.

**ANSWER:**

Equifax admits that the e-OSCAR system uses a specific lexicon, but denies that is the only one used. Equifax admits that when investigation results are returned to it via e-OSCAR, the updated ACDV reflects the furnisher's response regarding the accuracy of disputed information; if any account information was updated during the investigation; or if the account should be deleted. Equifax denies that these are the only representations contained in an ACDV, and lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

30

325027316v.1

**COMPLAINT ¶68:**

Trans Union, Experian, and Equifax each require data furnishers that report to them respectively to register with and use e-OSCAR, and state that e-OSCAR is "in compliance with FCRA and Metro 2 standards." See https://www.transunion.com/data-reporting/support-teams (last accessed December 9, 2025).

**ANSWER:**

Equifax admits that the e-OSCAR system uses a specific lexicon, but denies that is the only one used. Equifax admits that when investigation results are returned to it via e-OSCAR, the updated ACDV reflects the furnisher's response regarding the accuracy of disputed information; if any account information was updated during the investigation; or if the account should be deleted. Equifax denies that these are the only representations contained in an ACDV, and lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

**FACTUAL ALLEGATIONS**

**I. Background Information**

**COMPLAINT ¶69:**

Plaintiff is a natural person and a "consumer" within the meaning of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

325027316v.1

**COMPLAINT ¶70:**

Plaintiff is a long-term victim of identity theft. Unknown individuals unlawfully used Plaintiff's personal identifying information, including his name, Social Security number, and Florida driver's license information, to obtain credit, initiate credit inquiries, open financial accounts, access banking funds, and generate fraudulent government identification and records, all without Plaintiff's knowledge, authorization, or consent.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶71:**

Plaintiff's identity theft occurred over multiple years and across multiple jurisdictions, involving financial institutions, consumer reporting agencies, government agencies, and courts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶72:**

On or about January 26, 2021, Plaintiff reported identity theft to the Osceola County Sheriff's Office and filed a fraud incident report, Report No. 21I900113, documenting fraudulent activity and credit harm associated with identity theft dating back to at least January 27, 2015.

32

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶73:**

On or about June 14, 2021, Plaintiff submitted a Driver License/Identification Card Fraud Investigation Request to the Florida Department of Highway Safety and Motor Vehicles, reporting driver's license fraud, address fraud, and out-of-state identity misuse, including that a fraudulent Florida driver's license had been issued in his name without authorization.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶74:**

Plaintiff later learned that his identity and Florida driver's license information were used in out-of-state court proceedings in Johnson County, Illinois, which were ultimately dismissed, vacated, and expunged, confirming identity misuse.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

33

325027316v.1

**COMPLAINT ¶75:**

On or about February 6, 2022, Plaintiff reported to the Orange County Sheriff's Office that an unauthorized $10,000 wire transfer was made from his business bank account without his knowledge or consent.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶76:**

On or about February 15, 2023, Plaintiff filed an FTC Identity Theft Report, Report No. 155789983, under penalty of perjury, identifying numerous fraudulent credit accounts and inquiries that did not belong to him. Since then, Plaintiff has discovered additional fraudulent activities and inquiries through periodic reviews of his credit reports which have significant derogatory and negative reporting based on identity theft, fraudulent activities and inquiries.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶77:**

Plaintiff provided notice of the identity theft to consumer reporting agencies through written dispute correspondence and supporting documentation, including law-enforcement and identity-theft records.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**II.    DISPUTES WITH TRANS UNION LLC and CLAIMS CONCERNING UNAUTHORIZED HARD INQUIRIES TRANS UNION LLC WRONGFULLY ALLOWED FROM BOA, TBOM, CONCORA, FPB, CAPITAL ONE, CAPITAL ONE AUTO, FCA, CB, PFS, and COB**

**COMPLAINT ¶78:**

As Plaintiff had repeatedly been victimized by identity theft, Plaintiff had advised Trans Union previously concerning same and had an "Extended Fraud Alert" on his credit reports, which stated as follows: "Action may be required under FCRA before opening or modifying an account. (Note: This alert is set to expire in 03/2030.)"

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶79:**

On or about August 4, 2025, Plaintiff's written dispute letter to TransUnion LLC ("Trans Union") was duly received by TransUnion (hereinafter "Trans Union Dispute Letter"), disputing inaccurate personal identifying information, inaccurate employment information, fraudulent tradelines, unauthorized hard inquiries, and unauthorized soft inquiries arising from identity theft.

35

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶80:**

Plaintiff in their Trans Union Dispute Letter, disputed the addresses 8258 Tomfail Place, Davenport, Florida 34786, 333 2nd Street, Albany, New York 12206-2728, 9731 116th Street, Richmond Hill, New York 11419, 210 Pointiac Avenue, Cranston, Rhode Island 02910-1826, and 13240 SW 17th Lane, Apt. 1, Miami, Florida 33175-7623. In Plaintiff's September 8, 2025 TransUnion credit report, Trans Union deleted these addresses.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶81:**

Plaintiff in their Trans Union Dispute Letter, disputed the telephone numbers 404-284-8223, 863-514-6849, 334-604-6900, 284-822-8223, 407-334-8661, 407-483-7225, 718-471-2918, 407-507-0240, 407-382-4309, 321-987-0115, 407-577-5499, 718-247-2059, and 407-859-7470. In Plaintiff's September 8, 2025 TransUnion credit report, TransUnion deleted these telephone numbers.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

**COMPLAINT ¶82:**

Plaintiff in their Trans Union Dispute Letter, disputed employment information reported as ARP Constructions Inc. In Plaintiff's September 8, 2025 TransUnion credit report, TransUnion verified this employment information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶83:**

Plaintiff in their Trans Union Dispute Letter, disputed the tradelines LJ Rose Associates (Account No. 12502**)**; Atlantic Capital Bank / Self Lender (Account No. CBA000000001289**)**; Bright / Coastal Community Bank (Account No. 30153**)**; Cleo AI, Inc. (Account No. 43605449**)**; Credit One Bank (Account No. 44479628818**)**; Synovus/ First Progress/VT (Account No. 544303001385**)**; BMW Financial Services (Account No. 100414**)**; Deferit, Inc. (Account Identifier 3E3F7C5FB10141FCAF84B670A5); and Foundation Finance Company (Account No. 7006**)**. In Plaintiff's September 8, 2025 TransUnion credit report, TransUnion deleted these tradelines.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶84:**

Plaintiff in their Trans Union Dispute Letter, disputed the tradeline Wells Fargo Card Services (Account No. 442644106872**)**; WebBank/Fingerhut (Account No. 636992108565**)**; and Wells Fargo Card Services (Account No. 442644109603**)**. In Plaintiff's September 8, 2025 TransUnion credit report, TransUnion verified these tradelines.

37

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶85:**

Bank of America received a copy of Plaintiff's Trans Union credit report in relation to their inquiry dates of March 1, 2025 and August 19, 2024. Plaintiff never gave permission to Bank of America to access his credit report, nor did Defendant Bank of America have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. Additionally, TransUnion repeatedly furnished the Plaintiff's credit report to Bank of America without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that Bank of America had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 TransUnion credit report, TransUnion deleted both inquiries.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶86:**

TBOM Milestone received a copy of Plaintiff's Trans Union credit report in relation to their inquiry dates of September 25, 2024 and January 15, 2024. Plaintiff never gave permission to TBOM Milestone to access his credit report, nor did TBOM Milestone have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. TBOM Milestone is a code or a name for a credit card company, with the issuer being Defendant The Bank of Missouri ("TBOM") and the servicer being Defendant Concora Credit Inc. ("CCI"). Upon information and belief, both entities played a role in one or both of the unauthorized hard inquiries placed on Plaintiff's credit report. Additionally, TransUnion repeatedly furnished the Plaintiff's credit report to TBOM Milestone

38

without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that TBOM Milestone had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 TransUnion credit report, despite receipt of the TransUnion Dispute Letter, TransUnion verified both inquiries.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶87:**

Capital One received a copy of Plaintiff's Trans Union credit report in relation to their inquiry dates of August 29, 2024 and September 19, 2024. Plaintiff never gave permission to Capital One to access his credit report, nor did Defendant Capital One have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. Capital One Auto Finance and/or Capital One received a copy of Plaintiff's Trans Union credit report in relation to their inquiry name Capital One Via Dealer under inquiry dates of March 30, 2024, June 26, 2024, June 28, 2024, June 29, 2024, July 1, 2024, July 3, 2024, and July 25, 2024. Plaintiff never gave permission to Capital One Auto Finance and/or Capital One to access his credit report, nor did Defendant Capital One Auto Finance and/or Capital One have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. Additionally, TransUnion repeatedly furnished the Plaintiff's credit report to Capital One Auto Finance and/or Capital One without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that Capital One Auto Finance and /or Capital One Bank had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 Trans Union credit report, Trans Union deleted these inquiries.

325027316v.1

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶88:

First Premier Bank received a copy of Plaintiff's Trans Union credit report in relation to their inquiry dates of September 21, 2023, June 20, 2024 and August 29, 2024. Plaintiff never gave permission to First Premier Bank to access his credit report, nor did Defendant First Premier Bank have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. Additionally, TransUnion repeatedly furnished the Plaintiff's credit report to First Premier Bank without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that First Premier Bank had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 Trans Union credit report, Trans Union deleted both inquiries.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶89:

Flagship Credit Acceptance received a copy of Plaintiff's Trans Union credit report in relation to their inquiry dates of February 12, 2024, June 27, 2024 and July 25, 2025. Plaintiff never gave permission to Flagship Credit Acceptance to access his credit report, nor did Defendant Flagship Credit Acceptance have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. Additionally, TransUnion repeatedly furnished the Plaintiff's credit report to Flagship Credit Acceptance without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that Flagship Credit Acceptance had a permissible purpose to obtain the Plaintiff's credit

report. In Plaintiff's September 8, 2025 Trans Union credit report, Trans Union deleted these inquiries.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶90:**

CB Indigo received a copy of Plaintiff's Trans Union credit report in relation to their inquiry dates of March 01, 2024, March 21, 2024, and July 20, 2024. Plaintiff never gave permission to CB Indigo to access his credit report, nor did CB Indigo have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. CB Indigo is a code or name for a credit card company, with the issuer being Defendant Celtic Bank ("CB") and the servicer being Defendant Concora Credit Inc. ("CCI"). Upon information and belief, both entities played a role in one or both of the unauthorized hard inquiries placed on Plaintiff's credit report. Additionally, TransUnion repeatedly furnished the Plaintiff's credit report to CB Indigo without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that CB Indigo had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 Trans Union credit report, Trans Union deleted these inquiries.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶91:**

Prestige Financial received a copy of Plaintiff's Trans Union credit report in relation to their inquiry dates of June 27, 2024 and July 01, 2024. Plaintiff never gave permission to Prestige Financial to access his credit report, nor did Defendant Prestige Financial have a permissible purpose under the FCRA to obtain Plaintiff's

credit reports in conjunction with this access of his credit reports. Additionally, TransUnion repeatedly furnished the Plaintiff's credit report to Prestige Financial without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that Prestige Financial had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 Trans Union credit report, Trans Union deleted these inquiries.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶92:**

Credit One Bank received a copy of Plaintiff's Trans Union credit report in relation to their inquiry dates of June 20, 2024 and September 21, 2023. Plaintiff never gave permission to Credit One Bank to access his credit report, nor did Defendant Credit One Bank have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. Additionally, TransUnion furnished the Plaintiff's credit report to Bank of America without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that Bank of America had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 TransUnion credit report, despite receipt of the Trans Union Dispute Letter, Trans Union verified both inquiries.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

### III.    DISPUTES WITH EQUIFAX INFORMATION SERVICES LLC

**COMPLAINT ¶93:**

On or about August 7, 2025, Plaintiff's written dispute letter to Equifax Information Services LLC ("Equifax"), was duly received by Equifax (hereinafter "Equifax Dispute Letter"), disputing the following fraudulent tradelines individually, each arising from identity theft:

**ANSWER:**

Equifax admits that on August 7, 2025, it received a letter from Plaintiff concerning allegedly fraudulent information in his credit file.

**COMPLAINT ¶94:**

Plaintiff in the Equifax Dispute Letter disputed the tradeline reported by LJ Rose Associates, Account No. 12502**; the tradeline reported by Atlantic Cap BK / Self Lender, Account No. CBA000000001289**; the tradeline reported by Bright / Coastal Community Bank, Account No. 30153**; the tradeline reported by CLEO AI, Inc., Account No. 43605449**; the tradeline reported by Wells Fargo Card Services, Account No. 442644106872**; the tradeline reported by Credit One Bank, Account No. 44479628818**; the tradeline reported by Synovus / First Progress / VT, Account No. 544303001385**; the tradeline reported by WebBank / Fingerhut, Account No. 636992108565**; the tradeline reported by Wells Fargo Card Services, Account No. 442644109603**; the tradeline reported by BMW Financial Services, Account No. 100414**; the tradeline reported by Deferit, Inc., Account No. 3E3F7C5FB10141FCAF84B670A5**; the tradeline reported by Foundation Finance Co., Account No. 7006**; the tradeline reported by Bright / Coastal Community Bank / ARY, Account No. 301**; the tradeline reported by Cleo / WebBank, Account No. 43605449**; the tradeline reported by Credit One Bank, Account No. 4444796288818**; the tradeline reported by The CBE Group, Account No. 2142281106**; and the tradeline reported by 1st Progress / TSYS / VT, Account No. 544303001385**.

**ANSWER:**

Equifax admits that on August 7, 2025, it received a letter from Plaintiff concerning the allegedly fraudulent LJ Rose Associates, Atlantic Capital Bank,

43

325027316v.1

Coastal Community Bank, Cleo AI, Wells Fargo, Credit One, Synovus Bank, Webbank/Fingerhut, BMW Financial Services, Deferit, Inc., Foundation Finance, and The CBE Group accounts in his credit file, the contents of which speak for themselves.

## COMPLAINT ¶95:

Equifax never provided the Plaintiff with any reinvestigation results with respect to the Equifax Dispute Letter.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶96:

In addition, after receiving the Equifax Dispute Letter, Plaintiff repeatedly requested subsequent credit reports from Equifax by telephone and by submitting Annual Credit Report Request forms in order to review the results of Equifax's reinvestigation for each of the disputed tradelines identified above.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶97:

Equifax failed to provide any subsequent credit reports, preventing Plaintiff from determining whether each individual disputed tradeline was verified, deleted, or reinserted, constituting a separate violation of the Fair Credit Reporting Act.

325027316v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**IV.     DISPUTES WITH EXPERIAN INFORMATION SOLUTIONS, INC. and CLAIMS CONCERNING UNAUTHORIZED HARD INQUIRIES TRANSUNION LLC WRONGFULLY ALLOWED FROM AMEX, ALLY, CAPITAL ONE, CAPITAL ONE AUTO, CPS, GLS, CAC, EXETER, and SANTANDER**

**COMPLAINT ¶98:**

As Plaintiff had repeatedly been victimized by identity theft, Plaintiff had advised Experian previously concerning same and had an "ID FRAUD VICTIM ALERT" on his credit report which stated as follows: "FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST CONTACTING ME PERSONALLY AND VERIFYING ALL APPLICATION INFORMATION AT DAY OR EVENING ***-***-8223. THIS VICTIM ALERT WILL BE MAINTAINED FOR SEVEN YEARS BEGINNING 02-03-23."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶99:**

On or about May 28, 2025, Plaintiff's written dispute letter to Experian Information Solutions, Inc. ("Experian"), was duly received by Experian (hereinafter "Experian Dispute Letter"), disputing inaccurate personal identifying information, fraudulent tradelines, unauthorized hard inquiries, and unauthorized soft inquiries.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶100:**

On June 3, 2025, Experian responded to Plaintiff's dispute letter delivered May 28, 2025 with a block refusal letter, refusing to block or reinvestigate the disputed information. The refusal applied to all items disputed in the Experian Dispute Letter.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶101:**

Plaintiff subsequently obtained a September 8, 2025 Experian credit report, which reflected Experian's treatment of each disputed item notwithstanding the June 3, 2025 refusal.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶102:**

Pursuant to the Experian Dispute Letter, the incorrect name "Anthony Haylee", disputed in the letter delivered May 28, 2025, was later deleted by Experian in the Experian Credit Report dated September 8, 2025.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶103:**

Pursuant to the Experian Dispute Letter, the Green Dot Bank tradeline (Account No. ****712345), was deleted by Experian in the Experian Credit Report dated September 8, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶104:**

Pursuant to the Experian Dispute Letter, the WFBNA Card Services tradeline (Account No. ****442644), was deleted by Experian in the Experian Credit Report dated September 8, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶105:**

American Express received a copy of Plaintiff's Experian's credit report in relation to their inquiry dates of April 17, 2023 and August 31, 2024. Plaintiff never gave permission to American Express to access his credit report, nor did Defendant American Express have a permissible purpose under the FCRA to obtain Plaintiff's

47

credit reports in conjunction with this access of his credit reports. Additionally, Experian repeatedly furnished the Plaintiff's credit report to American Express without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that American Express had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 Experian credit report, Experian deleted these inquiries.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶106:**

Ally Financial received a copy of Plaintiff's Experian's credit report in relation to their inquiry dates of April 25, 2023, June 10, 2023, March 30, 2024, June 26, 2024, June 28, 2024, June 29, 2024, July 3, 2024, July 4, 2024 and July 25, 2024. Plaintiff never gave permission to Ally Financial to access his credit report, nor did Defendant Ally Financial have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. Additionally, Experian repeatedly furnished the Plaintiff's credit report to Ally Financial without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that Ally Financial had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 Experian credit report, despite receipt of the Experian Dispute Letter, Experian verified six (6) of these inquiries, deleting the most recent inquiry and the two oldest inquiries.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

**COMPLAINT ¶107:**

Capital One received a copy of Plaintiff's Experian's credit report in relation to their inquiry dates of August 29, 2024 and September 19, 2024. Plaintiff never gave permission to Capital One to access his credit report, nor did Defendant Capital One have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. Capital One Auto Finance and/or Capital One received a copy of Plaintiff's Experian credit report in relation to their inquiry name Capital One Auto Fin under inquiry dates of March 30, 2024, June 26, 2024, June 28, 2024, June 29, 2024, July 1, 2024, July 3, 2024, and July 25, 2024. Plaintiff never gave permission to Capital One Auto Finance and/or Capital One to access his credit report, nor did Defendant Capital One Auto Finance and/or Capital One have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. Additionally, Experian repeatedly furnished Plaintiff's credit report to Capital One Auto Finance and/or Capital One without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that Capital One Auto Finance and/or Capital One had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 Experian credit report, despite receipt of the Experian Dispute Letter, Experian verified six (6) of these inquiries, deleting the most recent inquiry.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶108:**

Consumer Portfolio Services, Inc. received a copy of Plaintiff's Experian's credit report in relation to their inquiry dates of June 28, 2024, June 29, 2024, July 1, 2024, July 3, 2024, and July 4, 2024. Plaintiff never gave permission to Consumer Portfolio Services, Inc. to access his credit report, nor did Defendant Consumer Portfolio Services, Inc. have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. Additionally, Experian repeatedly furnished the Plaintiff's credit report to Consumer Portfolio Services, Inc. without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that Consumer Portfolio Services, Inc. had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's

49

September 8, 2025 Experian credit report, despite receipt of the Experian Dispute Letter, Experian verified all of these inquiries.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶109:**

Global Lending Service received a copy of Plaintiff's Experian's credit report in relation to their inquiry dates of April 25, 2023, February 12, 2024, June 19, 2024, June 26, 2024, June 27, 2024, July 3, 2024, and July 25, 2024. Plaintiff never gave permission to Global Lending Service to access his credit report, nor did Defendant Global Lending Service have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. Additionally, Experian repeatedly furnished the Plaintiff's credit report to Global Lending Service without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that Global Lending Service had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 Experian credit report, despite receipt of the Experian Dispute Letter, Experian verified all of these inquiries except the oldest inquiry.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶110:**

Credit Acceptance received a copy of Plaintiff's Experian's credit report in relation to their inquiry dates of February 12, 2024, June 26, 2024 and June 27, 2024. Plaintiff never gave permission to Credit Acceptance to access his credit report, nor did Credit Acceptance have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports.

50

Additionally, Experian repeatedly furnished the Plaintiff's credit report to Credit Acceptance without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that Credit Acceptance had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 Experian credit report, despite receipt of the Experian Dispute Letter, Experian verified all of these inquiries.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶111:**

Exeter Finance LLC received a copy of Plaintiff's Experian's credit report in relation to their inquiry dates of February 12, 2024, March 30, 2024, and June 19, 2024. Plaintiff never gave permission to Exeter Finance LLC to access his credit report, nor did Exeter Finance LLC have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. Additionally, Experian repeatedly furnished the Plaintiff's credit report to Exeter Finance LLC without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that Credit Acceptance had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 Experian credit report, despite receipt of the Experian Dispute Letter, Experian verified all of these inquiries.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶112:**

Santander Consumer USA Inc. received a copy of Plaintiff's Experian's credit report in relation to their inquiry dates of April 25, 2023, February 12, 2024, March

51

325027316v.1

30, 2024, June 28, 2024, and July 1, 2024. Plaintiff never gave permission to Santander Consumer USA Inc. to access his credit report, nor did Santander Consumer USA Inc. have a permissible purpose under the FCRA to obtain Plaintiff's credit reports in conjunction with this access of his credit reports. Additionally, Experian repeatedly furnished the Plaintiff's credit report to Santander Consumer USA Inc. without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures that Credit Acceptance had a permissible purpose to obtain the Plaintiff's credit report. In Plaintiff's September 8, 2025 Experian credit report, Experian deleted all of these inquiries.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## V.  PLAINTIFF'S DAMAGES

**COMPLAINT ¶113:**

Courts have regularly held that allegations of lower credit scores, taken as true, are sufficient to allege a concrete injury-in-fact for the purposes of standing under Article III. *See Pedro v. Equifax, Inc.*, 868 F.3d 1275 (11th Cir. 2017) ("[H]er credit score dropped 100 points as a result of the challenged conduct. Because Pedro alleged that she suffered an injury in fact, she has standing to pursue her complaint."); *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583 (7th Cir. 2016) (standing where Plaintiff's alleged that they "have suffered damage to their credit and been forced to pay Ocwen greater payments and a higher interest rate"); *See Santangelo v. Comcast Corp.*, 162 F. Supp. 3d 691 (N.D. Ill. 2016) ("a depleted credit score is sufficient to constitute an injury-in-fact for the purposes of establishing Article III standing"); *See Binns v. Ocwen Loan Servicing, LLC*, No. 14- 01764, 2015 U.S. Dist. LEXIS 132743, 2015 WL 5785693, at *9 (S.D. Ind. Sept. 30, 2015) ("injuries to Plaintiffs' credit scores and reputations were considered intangible harms"); *See Rothman v. U.S. Bank Nat'l Ass'n*, No. 13-03381, 2014 U.S. Dist. LEXIS 141100, 2014 WL 4966907, at *5 (N.D. Cal. Oct. 3, 2014) ("Injury to a credit score is sufficient to constitute 'actual damages'"); *See Green v. RentGrow, Inc.*, No. 2:16cv421, 2016 U.S. Dist. LEXIS 166229 ("A decrease in credit score may still establish an injury in fact sufficient to confer standing"); *See Adams v. Fifth Third Bank*, No. 3:16-CV-00218-TBR, 2017 U.S. Dist. LEXIS 18932 (W.D. Ky. Feb. 9,

2017) ("Plaintiffs' allegations of lower credit scores ... are sufficient to allege a concrete injury-in-fact for the purposes of standing under Article III."); and, *See Coulbertson v. Experian Info. Sols., Inc.*, No. 16-cv-05672-RS, 2017 U.S. Dist. LEXIS 69484 (N.D. Cal. Mar. 24, 2017) ("At a minimum, Coulbertson has alleged a sufficient injury-in-fact through her claim that her credit score suffered as a result of the credit report she disputes").

**ANSWER:**

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COMPLAINT ¶114:**

As a result of Defendants' conduct, including the continued publication of false identifying information, inquiries or tradelines, Plaintiff suffered concrete injuries, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information remaining in his credit files, damage to his reputation for credit worthiness, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting, privacy and meaningful dispute resolution. These injuries are concrete and particularized and confer standing under Article III. *See Coulter v. Sagestream, LLC*, 501 F.Supp.3d 298 (2020); *Norman v. Trans Union, LLC*, 669 F.Supp.3d 351 (2023); *Chaitoff v. Experian Information Solutions, Inc.*, 79 F.4th 800 (2023).

**ANSWER:**

Equifax denies the allegations in this paragraph. Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

325027316v.1

**COUNT I - VIOLATIONS OF 15 U.S.C. §1681c-2 AGAINST TRANS UNION**

**COMPLAINT ¶115:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 7, 8, 30-92 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶116:**

During the relevant timeframe, Trans Union received Plaintiff's disputes which requested a block of the fraudulent information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶117:**

Plaintiff disputed the information on his Trans Union credit report, identified himself, advised Trans Union of the information being fraudulent, furnished Trans Union with a copy of his FTC Identity Theft Report and requested that Trans Union block the fraudulent information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

54

325027316v.1

**COMPLAINT ¶118:**

Rather than block the fraudulent information, Trans Union negligently and willfully disregarded its obligations under the FCRA by merely seeking verification of the disputed information from the furnisher of that credit information and refusing to follow the FCRA requirements to block the reporting of fraudulent information in credit reports after it was presented with an identity theft report, in violation of Section 1681c-2.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶119:**

Trans Union's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶120:**

Alternatively, Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶121:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Trans Union in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT II VIOLATIONS OF 15 U.S.C. §1681i AGAINST TRANS UNION**

**COMPLAINT ¶122:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 7, 8, 30-92 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶123:**

During the relevant time frame, Trans Union received Plaintiff's disputes which requested that the fraudulent information be removed from her credit file.

56

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶124:**

Trans Union violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶125:**

Trans Union's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶126:**

Alternatively, Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶127:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Trans Union in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT III – VIOLATIONS OF 15 U.S.C. §1681b
## AGAINST TRANS UNION

**COMPLAINT ¶128:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 7, 8, 30-92 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

325027316v.1

**COMPLAINT ¶129:**

Defendant Trans Union violated FCRA, 15 U.S.C. § 1681b, by its actions, which include but are not limited to, providing the Plaintiff's consumer reports to an entity that lacked a FCRA permissible purpose.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶130:**

As a result of Trans Union's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶131:**

Trans Union's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

59

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶132:**

In the alternative, Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶133:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Trans Union in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

## COUNT IV - VIOLATIONS OF 15 U.S.C. §1681e(a)
## AGAINST TRANS UNION

**COMPLAINT ¶134:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 7, 8, 30-92 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth

at length herein.

**COMPLAINT ¶135:**

Defendant Trans Union violated FCRA, 15 U.S.C. § 1681e(a), by its actions, which include but are not limited to, failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under 15 U.S.C. § 1681b.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶136:**

As a result of Trans Union's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

61

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶137:**

Trans Union's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶138:**

In the alternative, Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶139:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Trans Union in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT V - VIOLATIONS OF 15 U.S.C. §1681e(b)**
**AGAINST TRANS UNION**

**COMPLAINT ¶140:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 7, 8, 30-92 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶141:**

Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶142:**

After receiving Plaintiff's disputes, Trans Union was placed on notice that it was reporting fraudulent information, yet Trans Union continues to include the fraudulent information in Plaintiff's credit file.

63

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶143:**

Trans Union's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶144:**

In the alternative, Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶145:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Trans Union in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT VI - VIOLATIONS OF 15 U.S.C. §1681C-2 AGAINST EXPERIAN**

**COMPLAINT ¶146:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 9, 10, 30-77, and 98-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶147:**

During the relevant timeframe, Experian received Plaintiff's disputes which requested a block of the fraudulent information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶148:**

Plaintiff disputed the information on his Experian credit report, identified himself, advised Experian of the information being fraudulent, furnished Experian with a copy of his FTC Identity Theft Report, and requested that Experian block the fraudulent information.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶149:**

Rather than block the fraudulent information, Experian negligently and willfully disregarded its obligations under the FCRA by merely seeking verification of the disputed information from the furnisher of that credit information and refusing to follow the FCRA requirements to block the reporting of fraudulent information in credit reports after it was presented with an identity theft report, in violation of Section 1681c-2.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶150:**

Experian's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

**COMPLAINT ¶151:**

Alternatively, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶152:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Experian in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT VII - VIOLATIONS OF 15 U.S.C. §1681i AGAINST EXPERIAN

**COMPLAINT ¶153:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 9, 10, 30-77, and 98-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

67

325027316v.1

**COMPLAINT ¶154:**

During the relevant time frame, Experian received Plaintiff's disputes which requested that the fraudulent information be removed from her credit file.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶155:**

Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶156:**

Experian's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

68

**COMPLAINT ¶157:**

Alternatively, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶158:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Experian in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT VIII – VIOLATIONS OF 15 U.S.C. §1681b AGAINST EXPERIAN**

**COMPLAINT ¶159:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 9, 10, 30-77, and 98-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

325027316v.1

**COMPLAINT ¶160:**

Defendant Experian violated FCRA, 15 U.S.C. § 1681b, by its actions, which include but are not limited to, providing the Plaintiff's consumer reports to an entity that lacked a FCRA permissible purpose.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶161:**

As a result of Experian's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶162:**

Experian's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

70

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶163:**

In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶164:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Experian in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

71

## COUNT IX - VIOLATIONS OF 15 U.S.C. §1681e(a) AGAINST EXPERIAN

### COMPLAINT ¶165:

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 9, 10, 30-77, and 98-114 as if fully stated herein.

### ANSWER:

Equifax incorporates the preceding answers as though the same were set forth at length herein.

### COMPLAINT ¶166:

Defendant Experian violated FCRA, 15 U.S.C. § 1681e(a), by its actions, which include but are not limited to, failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under 15 U.S.C. § 1681b.

### ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### COMPLAINT ¶167:

As a result of Experian's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶168:**

Experian's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶169:**

In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶170:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Trans Union in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT X - VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST EXPERIAN**

**COMPLAINT ¶171:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 9, 10, 30-77, and 98-114 if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶172:**

Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶173:**

After receiving Plaintiff's disputes, Experian was placed on notice that it was reporting fraudulent information, yet Experian continues to include the fraudulent information in Plaintiff's credit file.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶174:**

Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶175:**

In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶176:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Experian in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances

75

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT XI - VIOLATIONS OF 15 U.S.C. §1681i AGAINST EQUIFAX**

**COMPLAINT ¶177:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 9, 10, 30-77, 93-97 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶178:**

During the relevant time frame, Equifax received Plaintiff's disputes which requested that the fraudulent information be removed from his credit file.

**ANSWER:**

Equifax admits that on August 7, 2025, it received a letter from Plaintiff concerning allegedly fraudulent information in his credit file.

**COMPLAINT ¶179:**

Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶180:**

Equifax's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶181:**

Alternatively, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶182:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Equifax in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

325027316v.1

## COUNT XII - VIOLATIONS OF 15 U.S.C. §1681 b(f)
## AGAINST BANK OF AMERICA CORPORATION

**COMPLAINT ¶183:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 13, 30-79, 85 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth

at length herein.

**COMPLAINT ¶184:**

Defendant BOA violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶185:**

As a result of BOA's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶186:**

BOA's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶187:**

In the alternative, BOA negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶188:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against BOA in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

### COUNT XIII - VIOLATIONS OF 15 U.S.C. §1681 b(f) AGAINST THE BANK OF MISSOURI

**COMPLAINT ¶189:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 14, 30-79, 86, and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth

at length herein.

**COMPLAINT ¶190:**

Defendant TBOM violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶191:**

As a result of TBOM's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit

score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶192:**

TBOM's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶193:**

In the alternative, TBOM negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

81

325027316v.1

**COMPLAINT ¶194:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against TBOM in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT XIV - VIOLATIONS OF 15 U.S.C. §1681 b(f) AGAINST CONCORA CREDIT INC.

**COMPLAINT ¶195:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 15, 30-79, 86, 90 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶196:**

Defendant Concora violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶197:**

As a result of Concora's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶198:**

Concora's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

83

325027316v.1

**COMPLAINT ¶199:**

In the alternative, Concora negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶200:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Concora in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT XV - VIOLATIONS OF 15 U.S.C. §1681 b(f) AGAINST FIRST PREMIER BANK

**COMPLAINT ¶201:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 16, 30-79, 88, and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

84

325027316v.1

**COMPLAINT ¶202:**

Defendant TBOM violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶203:**

As a result of TBOM's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶204:**

TBOM's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

85

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶205:**

In the alternative, TBOM negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶206:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against TBOM in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

## COUNT XV - VIOLATIONS OF 15 U.S.C. §1681 b(f)
## AGAINST CAPITAL ONE BANK, N.A.

**COMPLAINT ¶207:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 17, 30-79, 87, and 98-101, 107, and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth

at length herein.

**COMPLAINT ¶208:**

Defendant Capital One violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶209:**

As a result of Capital One's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶210:**

Capital One's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶211:**

In the alternative, Capital One negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶212:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Capital One in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### COUNT XVI - VIOLATIONS OF 15 U.S.C. §1681 b(f) AGAINST CAPITAL ONE AUTO FINANCE

**COMPLAINT ¶213:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 18, 30-79, 87, and 98-101, 107, and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶214:**

Defendant Capital One Auto violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶215:**

As a result of Capital One Auto's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness,

325027316v.1

diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶216:**

Capital One Auto's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶217:**

In the alternative, Capital One Auto negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

**COMPLAINT ¶218:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Capital One Auto in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT XVII - VIOLATIONS OF 15 U.S.C. §1681 b(f) AGAINST FLAGSHIP CREDIT ACCEPTANCE

**COMPLAINT ¶219:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 19, 30-79, 89, and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶220:**

Defendant FCA violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶221:**

As a result of FCA's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶222:**

FCA's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

92

325027316v.1

**COMPLAINT ¶223:**

In the alternative, FCA negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶224:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against FCA in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT XVIII - VIOLATIONS OF 15 U.S.C. §1681 b(f) AGAINST CELTIC BANK

**COMPLAINT ¶225:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 20, 30-79, 90, and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

325027316v.1

**COMPLAINT ¶226:**

Defendant CB violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶227:**

As a result of CB's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶228:**

CB's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

94

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶229:**

In the alternative, CB negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶230:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against CB in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

## COUNT XIX - VIOLATIONS OF 15 U.S.C. §1681 b(f) AGAINST PRESTIGE FINANCIAL SERVICES

**COMPLAINT ¶231:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 21, 30-79, 91, and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶232:**

Defendant PFS violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶233:**

As a result of PFS's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶234:**

PFS's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶235:**

In the alternative, PFS negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶236:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against PFS in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT XX - VIOLATIONS OF 15 U.S.C. §1681 b(f) AGAINST CREDIT ONE BANK, N.A.

**COMPLAINT ¶237:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 22, 30-79, 92, and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶238:**

Defendant COB violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶239:**

As a result of COB's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit

98

325027316v.1

score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶240:**

COB's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶241:**

In the alternative, COB negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

**COMPLAINT ¶242:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against COB in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT XXI - VIOLATIONS OF 15 U.S.C. §1681 b(f) AGAINST AMERICAN EXPRESS CORPORATION

**COMPLAINT ¶243:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 23, 30-77, 98-101, 105 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶244:**

Defendant AMEX violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

100

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶245:**

As a result of AMEX's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶246:**

AMEX's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

**COMPLAINT ¶247:**

In the alternative, AMEX negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶248:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against AMEX in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT XXII - VIOLATIONS OF 15 U.S.C. §1681 b(f)
AGAINST ALLY FINANCIAL**

**COMPLAINT ¶249:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 24, 30-77, 98-101, 106 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

325027316v.1

**COMPLAINT ¶250:**

Defendant ALLY violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶251:**

As a result of ALLY's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶252:**

ALLY's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶253:**

In the alternative, ALLY negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶254:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against ALLY in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

## COUNT XXIII - VIOLATIONS OF 15 U.S.C. §1681 b(f) AGAINST CONSUMER PORTFOLIO SERVICES INC.

**COMPLAINT ¶255:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 25, 30-77, 98-101, 108 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth

at length herein.

**COMPLAINT ¶256:**

Defendant CPS violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶257:**

As a result of CPS's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶258:**

CPS's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶259:**

In the alternative, CPS negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶260:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against CPS in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

106

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT XXIV - VIOLATIONS OF 15 U.S.C. §1681 b(f) AGAINST GLOBAL LENDING SERVICES

**COMPLAINT ¶261:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 26, 30-77, 98-101, 109 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶262:**

Defendant GLS violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶263:**

As a result of GLS's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit

325027316v.1

score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶264:**

GLS's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶265:**

In the alternative, GLS negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

**COMPLAINT ¶266:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against GLS in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT XXV - VIOLATIONS OF 15 U.S.C. §1681 b(f) AGAINST CREDIT ACCEPTANCE CORP.

**COMPLAINT ¶267:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 27, 30-77, 98-101, 109 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶268:**

Defendant CAC violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

109

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶269:**

As a result of CAC's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶270:**

CAC's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

110

325027316v.1

**COMPLAINT ¶271:**

In the alternative, CAC negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶272:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against CAC in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT XXVI - VIOLATIONS OF 15 U.S.C. §1681 b(f)
AGAINST EXETER FINANCE LLC**

**COMPLAINT ¶273:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 28, 30-77, 98-101, 111 and 113-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

111

325027316v.1

**COMPLAINT ¶274:**

Defendant Exeter violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶275:**

As a result of Exeter's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶276:**

Exeter's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶277:**

In the alternative, Exeter negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶278:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Exeter in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325027316v.1

## COUNT XXVII - VIOLATIONS OF 15 U.S.C. §1681 b(f) AGAINST SANTANDER CONSUMER USA INC.

**COMPLAINT ¶279:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 28, 30-77, 98-101, and 112-114 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth

at length herein.

**COMPLAINT ¶280:**

Defendant Santander violated FCRA, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶281:**

As a result of Santander's conduct, actions, and inaction, the Plaintiff suffered actual damages, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information being incorporated in his credit files, damage to his reputation for credit worthiness, diminished credit score, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and privacy.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶282:**

Santander's actions and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶283:**

In the alternative, Santander negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶284:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Santander in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

325027316v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

116

325027316v.1

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED:  May 26, 2026                    Respectfully submitted,

                                        SEYFARTH SHAW LLP


                                        By: */s/ Ritika Singh*
                                            Ritika Singh, Bar No. 1016708
                                            risingh@seyfarth.com
                                            SEYFARTH SHAW LLP
                                            2323 Ross Avenue, Suite 1660
                                            Dallas, Texas  75201
                                            Telephone:  (469) 608-6763

                                        *Counsel for Defendant*
                                        *Equifax Information Services LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

        */s/ Ritika Singh*
Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*

325027316v.1