UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

CASE NO.: 6:26-cv-00544-JA-DCI

ANTHONY HAYNES,

    Plaintiff,

v.

TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, BANK OF AMERICA CORPORATION, THE BANK OF MISSOURI, CONCORA CREDIT, INC., FIRST PREMIER BANK, CAPITAL ONE, N.A., CAPITAL ONE AUTO FINANCE, FLAGSHIP CREDIT ACCEPTANCE, CELTIC BANK, PRESTIGE FINANCIAL SERVICES, CREDIT ONE BANK, N.A., AMERICAN EXPRESS CORPORATION, ALLY FINANCIAL, CONSUMER PORTFOLIO SERVICES INC., GLOBAL LENDING SERVICES LLC, CREDIT ACCEPTANCE, EXETER FINANCE LLC, and SANTANDER CONSUMER USA INC.,

    Defendants.

## DEFENDANT CREDIT ACCEPTANCE CORPORATION'S MOTION TO DISMISS

**COMES NOW**, Defendant Credit Acceptance Corporation ("Credit Acceptance"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Motion to Dismiss the Complaint of Plaintiff Anthony Haynes ("Plaintiff"), stating as follows:

1

## I.    INTRODUCTION

Plaintiff asserts a single claim against Credit Acceptance (Count XXV) for accessing his credit information without a permissible purpose in violation of the Fair Credit Reporting Act ("FCRA"). More specifically, Plaintiff alleges that he is a "long-term victim of identity theft" and that his information was improperly used to "obtain credit [and] initiate credit inquiries … without [his] knowledge, authorization, or consent." (*See* D.E. 1, at ¶ 70.).

As a preliminary matter, Plaintiff's vague and conclusory allegations fail to state a plausible "permissible purpose" FCRA claim. But even if that were not the case, Credit Acceptance had a permissible purpose for accessing Plaintiff's credit information based upon the credit application(s) it received in his name — even assuming for the sake of argument only that those credit applications were the result of an identity theft. For each of these reasons, Plaintiff's FCRA claim against Credit Acceptance fails and is due to be dismissed with prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On or about February 12, 2024, Credit Acceptance received a credit application from automobile dealership H Greg Auto Orlando, Inc. on behalf of Plaintiff. True and correct copies of Credit Acceptance's internal records regarding the credit applications at issue in this case are attached hereto as **Composite Exhibit**

2

**"A".**[1] In conjunction therewith, Credit Acceptance accessed Plaintiff's Experian credit report. (*See* D.E. 1, at ¶ 110.) Ultimately, no account with Credit Acceptance was opened in Plaintiff's name as a result of this credit inquiry.

Thereafter, on or about June 26, 2024 and June 27, 2024, respectively, Credit Acceptance received credit applications from automobile dealership AutoNation Imports of Winter Park, Inc. on behalf of Plaintiff both as a primary applicant and co-applicant with nonparty Allison Haynes. (*See* Ex. A.) In conjunction therewith, Credit Acceptance accessed Plaintiff's Experian credit report. (*See* D.E. 1, at ¶ 110.) Again, no account with Credit Acceptance was ever opened in Plaintiff's name as a result of these credit inquiries.

On or about March 10, 2026, Plaintiff filed his Complaint in this action, alleging that the aforementioned credit inquiries by Credit Acceptance were made without a permissible purpose in violation of the FCRA. (*See generally* D.E. 1.)

---

[1] The Court may consider Credit Acceptance's representations regarding its receipt of credit applications submitted by Plaintiff (or, otherwise, in Plaintiff's name utilizing his personal identifying information) and the exhibits attached hereto without converting this motion to dismiss to a motion for summary judgment, as such facts are integral to the relationship between Credit Acceptance and Plaintiff and provide the basis for Credit Acceptance's access to his credit information. *See Home v. Potter*, 392 Fed.Appx. 800, 802 (11th Cir. 2010) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment … Moreover, the district court did not err in considering the exhibits attached to the USPS's motion to dismiss … because they were central to the claims in Horne's complaint and were undisputed. "); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (holding that the district "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed").

### III.  <u>STANDARD OF REVIEW</u>

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Neither "labels and conclusions" nor "naked assertion[s] devoid of 'further factual enhancement" are sufficient. *Iqbal*, 556 U.S. at 678. Rather, to withstand Rule 12(b)(6) scrutiny and satisfy Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ][its] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555.

### IV.  <u>ARGUMENT</u>

#### A. **Plaintiff Has Failed to Properly State an Impermissible Purpose FCRA Claim.**

To state an impermissible purpose claim under the FCRA, a plaintiff must allege: "(i) that there was a consumer report; (ii) that the defendant used or obtained

it; (iii) that the defendant did so without a permissible statutory purpose; and (iv) that the defendant acted with the specified culpable mental state." *See Lashkari-Celestin v. Caliber Home Loans, Inc.*, No. 1:19-CV-1774-AT-JSA, 2019 WL 11502784, at *13 (N.D. Ga. Sept. 25, 2019); *see also Jimenez v. Account Servs.*, 233 F. Supp. 3d 1359, 1365 (S.D. Fla. Feb. 1, 2017).

Here, Plaintiff merely alleges that Credit Acceptance violated FCRA by "obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so." (D.E. 1, at ¶ 268.) He further alleges without any exposition that Credit Acceptance's actions in doing so were either "willful" or, alternatively, "negligent[]". (*id.*, at ¶¶ 270-71.) This is not enough.

Indeed, "bare allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient to state a FCRA claim." *Jones v. Best Service Company*, No. CV 14-9872 SS, 2017 WL 490902, at *7 (C.D. Cal. Feb. 6, 2017) (internal citations omitted); *Flury v. CSC Credit Servs.*, No. CV-11-1166-PHX-FJM, 2012 WL 300726, at *1 (D. Ariz. Feb. 1, 2012); *Edwards v. Equifax Information Services, LLC*, No. 3:09CV622-HEH, 2009 WL 5178264, at *2 (E.D. Va. Dec. 24, 2009). However, bare allegations of an impermissible purpose are all that Plaintiff's Complaint musters.[2] Plaintiff alleges only that he "never gave

---

[2] Plaintiff does not provide any specifics about Credit Acceptance's alleged unauthorized use of his credit information and, instead, speaks in generalities about his long-term identify-theft

permission" and was a victim of identity theft but pleads no facts addressing whether Credit Acceptance received a credit application or otherwise had a reason to believe a permissible purpose existed. For this reason alone, Plaintiff's FCRA claim against Credit Acceptance is due to be dismissed.

Additionally, a "plaintiff's complaint must allege specific facts as to the defendant's mental state when the defendant accessed the plaintiff's credit report. Merely stating that the violation was 'willful' or 'negligent' is insufficient." *Braun v. United Recovery Systems, LP*, 14 F. Supp. 3d 159, 167 (S.D.N.Y. 2014); *see also Stone v. AT&T Services, Inc.*, No. 6:16-cv-1457-Orl-18KRS, 2017 WL 11884604, at *4 (M.D. Fla. Jan. 27, 2017) ("In order to establish a claim of willful or negligent misuse or acquisition of a consumer report under section 1681b(f), a plaintiff must sufficiently allege that a defendant used or obtained the plaintiff's consumer report with the specified culpable mental state and without a permissible statutory purpose."); *Helman v. Udren Law Offices, P.C.*, 85 F. Supp. 3d 1319, 1331–32 (S.D. Fla. 2014) (a "plaintiff's allegations cannot be conclusory and must include specific facts as to a defendant's mental state when the report was accessed").[3]

---

issues and extrapolates those issues to make unsupported accusations against Credit Acceptance and a host of other defendants.

[3] Indeed, "[t]he FCRA is not a strict liability statute[.]" *Comeaux v. Experian Information Solutions*, 2004 WL 1354412, at *6 (E.D. Tex. Jun. 8, 2004); *see also Peart v. Shippie*, 345 Fed. App'x 384, 386 (11th Cir. 2009). Thus, a plaintiff must allege facts to show that the defendant was at least negligent. *See, e.g.,* 15 U.S.C. §§ 1681n & 1681o. The standard for alleged willful violations is higher, and the Supreme Court has held that an FCRA violation is "willful" only if

Merely stating that Credit Acceptance's FCRA violation "willful" or "negligent" is all that Plaintiff's Complaint does. (*See* D.E. 1, at ¶ 270-71.) For this additional reason, Plaintiff has failed to properly state an impermissible purpose FCRA claim against Credit Acceptance, and that claim is due to be dismissed. *See Romanello v. Capital One Bank (USA), N.A.,* No. 5:14-cv-177, 2014 WL 6666900, at *5 (E.D.N.C. Nov. 24, 2014) ("[B]ecause the complaint fails to supply facts from which the court could infer defendant acted either willfully or negligently, the complaint must be dismissed"); *Glanton v. DirecTV, LLC,* 172 F. Supp. 3d 890, 896 (D.S.C. 2016) (holding that the plaintiff failed to state FCRA claim where he "allege[d] no facts whatsoever to indicate that the defendant acted either willfully or negligently in obtaining his credit report").

## B. Plaintiff's FCRA Claim Fails as a Matter of Law Because Credit Acceptance had a Permissible Purpose for Accessing Plaintiff's Credit.

At bottom, Credit Acceptance had a legally recognized permissible purpose for accessing his credit information.[4] Specifically, the FCRA allows a user to access a consumer's credit report for a variety of reasons, including in connection with the possible "extension of credit" or if it has a "legitimate business need" for the information. *See* 15 U.S.C. § 1681b(a)(3)(A), (F). Thus, a creditor is permitted to

---

the claimant proves that the defendant's conduct was intentional or reckless. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).

[4] "The issue of whether a permissible purpose exists is a question of law." *See Davis v. ConsumerInfo*, No. 13-80377-CIV, 2014 WL 12589134, at *2 (S.D. Fla. Sept. 10, 2014).

7

access a consumer's credit information in response to an application for credit.  *See Lopez v. JPMorgan Chase Bank, NA*, No. 1:15-cv-1970, 2016 WL 2990982, at *2 (N.D. Ohio May 24, 2016) (noting that a creditor is "authorized to obtain [a consumer's] credit report for the purpose of deciding whether to extend credit."); *Clemons v. Cutler Ridge Automotive, LLC*, No. 06–21648–CIV, 2008 WL 879324, at *2–3 (S.D. Fla. Mar. 31, 2008) ("Obtaining a credit report in connection with a new business transaction in order to determine the consumer's eligibility, ... is a permissible purpose under the FCRA.").

Critical to this case, a creditor's authorization to access a consumer's credit information is not nullified by an alleged (and unknown) identify theft. *See Glanton,* 172 F. Supp. 3d at 896 (collecting cases) ("Courts have reached the conclusion that there is no violation of Section 1681b when a creditor obtains a credit report due to an imposter's application for credit even though the identity theft victim did not make the application."); *see also, e.g.*, *Migliore by Migliore v. Vision Solar LLC*, 160 F.4th 79, 91–92 (3d Cir. 2025) ("[Whether Migliore] did not apply for credit … is not pertinent to whether she stated a [FCRA] claim. Section 1681b(f) bars obtaining or using a credit report for an improper purpose; it does not bar applying for credit by an improper means or in someone else's name."); *Morris v. Deutsche Bank Trust Company Americas*, 2014 WL 11531641, at *5 (S.D. Fla. Feb. 20, 2014)

(cleaned-up) ("So long as a user has a reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA.").[5]

Here, Plaintiff has not alleged that Credit Acceptance knew or had reason to know that his credit applications were the result of an alleged identify theft. Accordingly, identify theft or not, Credit Acceptance had a permissible purpose for accessing Plaintiff's credit information, and his FCRA claim necessarily fails as a matter of law.

## V.    <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Complaint against Credit Acceptance is due to be dismissed with prejudice.

DATED: May 26, 2026.

Respectfully submitted,

*/s/ Sara L. Solano*
**Sara L. Solano, Esq. (FL Bar No. 11796)**

---

[5] *See also, e.g.*, *Shostack v. Diller*, No. 15-CV-2255-GBD-JLC, 2015 WL 5535808, at *10 (S.D.N.Y. Sept. 16, 2015), *report and recommendation adopted* No. 15-CIV-2255-GBD-JLC, 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) ("Lending Tree's actions were permissible in so far as they related to the receipt of a mortgage application from a person purporting to be Dave Shostack. At the time Lending Tree ran Shostack's credit report, it had no reason to know that he had not authorized the transaction. And contrary to the conclusory allegations in the amended complaint, there is nothing in the FCRA that imposes an affirmative duty on Lending Tree to call Shostack before running his credit report "to verify[ ] that the information that [it] received online was ... valid ..." ); *Daniel v. Bluestem Brands, Inc.*, No. 13–11714, 2014 WL 81763, at *5 (E.D. Mich. Jan. 9, 2014) ("Even assuming Plaintiff did not personally submit a credit application, that does not alter the analysis. Other courts have held that a potential creditor does not violate section 1681b(f) when it accesses a plaintiff's credit report for a permissible purpose, even if the plaintiff's identity was stolen and the plaintiff did not initiate the business contact … In that instance, the entity lacks the requisite culpability to impose civil liability for violation of the FCRA.").

BURR & FORMAN LLP
200 East Broward Boulevard, Suite 1020
Ft. Lauderdale, FL 33301
Telephone: (954) 414-6220
Facsimile: (954) 414-6221
Email: ssolano@burr.com
Email: rzamora@burr.com
Email: flservice@burr.com

Matthew T. Mitchell, Esq. (FL Bar No. 18319)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: mmitchell@burr.com
Email: cwingate@burr.com
Email: sfoshee@burr.com

*Counsel for Defendant*
CREDIT ACCEPTANCE CORP.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 26, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which shall serve a copy of same to all parties of record.

*/s/ Sara L. Solano*
BURR & FORMAN LLP

10