**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO.: 6:26-CV-00544-JA-DCI**

ANTHONY HAYNES,

     Plaintiff,

v.

TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES
LLC, BANK OF AMERICA CORPORATION,
THE BANK OF MISSOURI, CONCORA
CREDIT, INC., FIRST PREMIER BANK,
CAPITAL ONE, N.A., CAPITAL ONE
AUTO FINANCE, FLAGSHIP CREDIT
ACCEPTANCE, CELTIC BANK, PRESTIGE
FINANCIAL SERVICES, CREDIT ONE
BANK, N.A., AMERICAN EXPRESS
CORPORATION, ALLY FINANCIAL,
CONSUMER PORTFOLIO SERVICES INC.,
GLOBAL LENDING SERVICES LLC, CREDIT
ACCEPTANCE, EXETER FINANCE LLC,
AND SANTANDER CONSUMER USA INC.,

                                       /

**DEFENDANT BANK OF AMERICA, N.A.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Bank of America, N.A. ("BANA"), by and through undersigned

counsel, responds to the correspondingly numbered paragraphs of Plaintiff Anthony

Haynes' Complaint [D.E. 1] as follows:

1.     BANA admits that Plaintiff purports to bring a cause of action for

violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), which

speaks for itself. BANA denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

## JURISDICTION AND VENUE[1]

2.    BANA admits that this Court may exercise jurisdiction under 28. U.S.C. § 1331 and/or 15 U.S.C. § 1581(p), which speak for themselves, but BANA denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

3.    BANA admits that this Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367, which speaks for itself, but BANA denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

4.    BANA denies the allegations and legal conclusions in Paragraph 4 of the Complaint.

5.    BANA admits that venue is appropriate in the Middle District of Florida. BANA denies the remaining allegations and legal conclusions of Paragraph 5 of the Complaint.

---

[1] The headings in this Answer reference the corresponding headings in the Complaint and are not to be deemed an admission by BANA.  To the extent any of the headings in the Complaint are deemed to assert allegations against BANA, BANA denies those allegations.

## PARTIES

6.    BANA is without sufficient knowledge or information to admit or deny the allegations and legal conclusions contained in Paragraph 6 of the Complaint and, therefore, denies the allegations and legal conclusions.

7.    The allegations set forth in Paragraph 7 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 7 of the Complaint, and, therefore, denies those allegations.

8.    The allegations set forth in Paragraph 8 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 8 of the Complaint, and, therefore, denies those allegations.

9.    The allegations set forth in Paragraph 9 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 9 of the Complaint, and, therefore, denies those allegations.

10.    The allegations set forth in Paragraph 10 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without

sufficient knowledge or information to admit or deny those allegations in Paragraph 10 of the Complaint, and, therefore, denies those allegations.

11.     The allegations set forth in Paragraph 11 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 11 of the Complaint, and, therefore, denies those allegations.

12.     The allegations set forth in Paragraph 12 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 12 of the Complaint, and, therefore, denies those allegations.

13.     BANA avers only that it is a North Carolina financial institution registered to conduct business in the State of Florida. BANA further admits that the remaining allegations of Paragraph 13 of the Complaint purport to refer to the definition of "user" pursuant to the FCRA, which speaks for itself. BANA denies the allegations and legal conclusions of Paragraph 13 to the extent inconsistent with this statute.

14.     The allegations set forth in Paragraph 14 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without

sufficient knowledge or information to admit or deny those allegations in Paragraph 14 of the Complaint, and, therefore, denies those allegations.

15. The allegations set forth in Paragraph 15 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 15 of the Complaint, and, therefore, denies those allegations.

16. The allegations set forth in Paragraph 16 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 16 of the Complaint, and, therefore, denies those allegations.

17. The allegations set forth in Paragraph 17 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 17 of the Complaint, and, therefore, denies those allegations.

18. The allegations set forth in Paragraph 18 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 18 of the Complaint, and, therefore, denies those allegations.

19. The allegations set forth in Paragraph 19 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 19 of the Complaint, and, therefore, denies those allegations.

20. The allegations set forth in Paragraph 20 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 20 of the Complaint, and, therefore, denies those allegations.

21. The allegations set forth in Paragraph 21 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 21 of the Complaint, and, therefore, denies those allegations.

22. The allegations set forth in Paragraph 22 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 22 of the Complaint, and, therefore, denies those allegations.

23. The allegations set forth in Paragraph 23 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To

the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 23 of the Complaint, and, therefore, denies those allegations.

24.     The allegations set forth in Paragraph 24 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 24 of the Complaint, and, therefore, denies those allegations.

25.     The allegations set forth in Paragraph 25 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 25 of the Complaint, and, therefore, denies those allegations.

26.     The allegations set forth in Paragraph 26 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 26 of the Complaint, and, therefore, denies those allegations.

27.     The allegations set forth in Paragraph 27 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without

sufficient knowledge or information to admit or deny those allegations in Paragraph 27 of the Complaint, and, therefore, denies those allegations.

28.     The allegations set forth in Paragraph 28 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 28 of the Complaint, and, therefore, denies those allegations.

29.     The allegations set forth in Paragraph 29 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 29 of the Complaint, and, therefore, denies those allegations.

30.     BANA denies the allegations and legal conclusions in Paragraph 30 of the Complaint.

31.     BANA denies the allegations and legal conclusions in Paragraph 31 of the Complaint.

## **STATUTORY FRAMEWORK OF THE FAIR CREDIT REPORTING ACT**

32.     BANA admits that Paragraph 32 of the Complaint purports to refer to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq., which speaks for itself. BANA denies the allegations of Paragraph 32 of the Complaint to the extent inconsistent with this statute.

33.     BANA admits that Paragraph 33 of the Complaint purports to refer to the Fair Credit Reporting Act, 15 U.S.C. § 1681(a)(1), which speaks for itself. BANA denies the allegations of Paragraph 33 of the Complaint to the extent inconsistent with this statute.

34.     BANA admits that Paragraph 34 of the Complaint purports to refer to the Hearings on S. 823 Before the Subcomm. on Financial Institutions of the S.Comm. on Banking and Currency, 91st Cong. 2 (1969), which speaks for itself. BANA denies the allegations of Paragraph 34 of the Complaint to the extent inconsistent therewith.

35.     BANA admits that Paragraph 35 of the Complaint purports to refer to the definition of "furnisher of information" under 15 U.S.C. § 1681s-2, which speaks for itself. BANA denies the allegations of Paragraph 35 of the Complaint to the extent inconsistent with this statute.

36.     BANA admits that Paragraph 36 of the Complaint purports to refer to 15 U.S.C. § 1681(a)(3) and (4), which speaks for themselves. BANA denies the allegations of Paragraph 36 of the Complaint to the extent inconsistent with the statute.

37.     BANA admits that Paragraph 37 of the Complaint purports to refer to the Fair and Accurate Credit Transaction Act ("FACTA"), Pub L. No. 108-159 (2003), which speaks for itself. BANA denies the allegations of Paragraph 37 of the Complaint to the extent inconsistent with the statute.

38.     BANA admits that Paragraph 38 of the Complaint purports to refer to the FCRA, which speaks for itself. BANA denies the allegations of Paragraph 38 of the Complaint to the extent inconsistent with the statute.

39.     BANA admits that Paragraph 39 of the Complaint purports to refer to 15 U.S.C. § 1681c-2(a), which speaks for itself. BANA denies the allegations of Paragraph 39 of the Complaint to the extent inconsistent with the statute.

40.     BANA admits that Paragraph 40 of the Complaint purports to refer to 15 U.S.C. § 1681c-2(c)(1) and § 1681c-2(c)(2), which speak for themselves. BANA denies the allegations of Paragraph 40 of the Complaint to the extent inconsistent with these statutes.

41.     BANA admits that Paragraph 41 of the Complaint purports to refer to 12 C.F.R. § 1022.3(i)(1)(iii)(A), which speaks for itself. BANA denies the allegations of Paragraph 41 of the Complaint to the extent inconsistent with the statute.

42.     BANA admits that Paragraph 42 of the Complaint purports to refer to *Osada v. Experian Info. Solutions, Inc.*, No. 11-C-2856, 2012 WL 1050067, at *3 (N.D. Ill. Mar. 28, 2012) which speaks for itself. BANA denies the allegations of Paragraph 42 of the Complaint to the extent inconsistent with the case.

43.     BANA admits that Paragraph 43 of the Complaint purports to refer to 15 U.S.C. § 1681e(b), which speaks for itself. BANA denies the allegations of Paragraph 43 of the Complaint to the extent inconsistent with the statute.

44.     BANA admits that Paragraph 44 of the Complaint purports to refer to 15 U.S.C. § 1681i(a)(1)(A), which speaks for itself. BANA denies the allegations of Paragraph 44 of the Complaint to the extent inconsistent with the statute.

45.     BANA admits that Paragraph 45 of the Complaint purports to refer to 15 U.S.C. § 1681i(a)(4), which speaks for itself. BANA denies the allegations of Paragraph 45 of the Complaint to the extent inconsistent with the statute.

46.     BANA admits that Paragraph 46 of the Complaint purports to refer to 15 U.S.C. § 1681i(a)(2)(A), which speaks for itself. BANA denies the allegations of Paragraph 46 of the Complaint to the extent inconsistent with the statute.

47.     BANA admits that Paragraph 47 of the Complaint purports to refer to the FCRA, which speaks for itself. BANA denies the allegations of Paragraph 47 of the Complaint to the extent inconsistent with the statute.

48.     BANA admits that Paragraph 48 of the Complaint purports to refer to the FCRA, which speaks for itself. BANA denies the allegations of Paragraph 48 of the Complaint to the extent inconsistent with the statute.

49.     BANA admits that Paragraph 49 of the Complaint purports to refer to 15 U.S.C. § 1681n(a), which speaks for itself. BANA denies the allegations of Paragraph 49 of the Complaint to the extent inconsistent with the statute.

50.     BANA admits that Paragraph 50 of the Complaint purports to refer to the FCRA, which speaks for itself. BANA denies the allegations of Paragraph 50 of the Complaint to the extent inconsistent with the statute.

51.     BANA admits that Paragraph 51 of the Complaint purports to refer to the FCRA, which speaks for itself. BANA denies the allegations of Paragraph 51 of the Complaint to the extent inconsistent with the statute.

52. BANA admits that Paragraph 52 of the Complaint purports to refer to the FCRA, which speaks for itself. BANA denies the allegations of Paragraph 52 of the Complaint to the extent inconsistent with the statute.

53. BANA admits that Paragraph 53 of the Complaint purports to refer to the FCRA, which speaks for itself. BANA denies the allegations of Paragraph 53 of the Complaint to the extent inconsistent with the statute.

54. BANA admits that Paragraph 54 of the Complaint purports to refer to the FCRA and *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016), which speaks for themselves. BANA denies the allegations of Paragraph 54 of the Complaint to the extent inconsistent with the statute and the case.

55. BANA admits that Paragraph 55 of the Complaint purports to refer to the FCRA, which speaks for itself. BANA denies the allegations of Paragraph 55 of the Complaint to the extent inconsistent with the statute.

56. BANA admits that Paragraph 56 of the Complaint purports to refer to the FCRA, which speaks for itself. BANA denies the allegations of Paragraph 56 of the Complaint to the extent inconsistent with the statute.

57. BANA admits that Paragraph 57 of the Complaint purports to refer to the FCRA, which speaks for itself. BANA denies the allegations of Paragraph 57 of the Complaint to the extent inconsistent with the statute.

58. BANA admits that Paragraph 58 of the Complaint purports to refer to definition of "consumer report" under the FCRA, which speaks for itself. BANA

denies the allegations of Paragraph 58 of the Complaint to the extent inconsistent with the statute.

59.    BANA admits that Plaintiff purports to use the terms "consumer report", "credit report," and "consumer credit report" synonymously herein.

60.    BANA admits that Paragraph 60 of the Complaint purports to refer to the FCRA, which speaks for itself. BANA denies the allegations of Paragraph 60 of the Complaint to the extent inconsistent with the statute.

61.    The allegations set forth in Paragraph 61 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 61 of the Complaint, and, therefore, denies those allegations.

62.    BANA admits that Paragraph 62 of the Complaint purports to refer to https://www.e-oscar.org/gettingstarted (last accessed December 9, 2025), which speaks for itself. BANA denies the allegations of Paragraph 62 of the Complaint to the extent inconsistent with this website.

63.    BANA admits that Paragraph 63 of the Complaint purports to refer to https://www.e-oscar.org/gettingstarted (last accessed December 9, 2025), which speaks for itself. BANA denies the allegations of Paragraph 63 of the Complaint to the extent inconsistent with this website.

64.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 64 of the Complaint and, therefore, denies those allegations.

65.     BANA admits that Paragraph 65 of the Complaint purports to refer to 15 U.S.C. § 1681s-2(b)(1)(D), which speaks for itself. BANA denies the allegations of Paragraph 65 of the Complaint to the extent inconsistent with the statute.

66.     BANA admits that Paragraph 66 of the Complaint purports to refer to https://www.e-oscar.org/gettingstarted (last accessed December 9, 2025), which speaks for itself. BANA denies the allegations of Paragraph 66 of the Complaint to the extent inconsistent with this website.

67.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 67 of the Complaint and, therefore, denies those allegations.

68.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Complaint and, therefore, denies those allegations.

## FACTUAL ALLEGATIONS

### I. Background Information

69.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 69 of the Complaint and, therefore, denies those allegations.

70. BANA denies the allegations and legal conclusions contained in Paragraph 70 of the Complaint.

71. BANA denies the allegations and legal conclusions contained in Paragraph 71 of the Complaint.

72. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the Complaint and, therefore, denies those allegations.

73. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Complaint and, therefore, denies those allegations.

74. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 74 of the Complaint and, therefore, denies those allegations.

75. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 75 of the Complaint and, therefore, denies those allegations.

76. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Complaint and, therefore, denies those allegations.

77. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 77 of the Complaint and, therefore, denies those allegations.

**II. DISPUTES WITH TRANS UNION LLC and CLAIMS CONCERNING UNAUTHORIZED HARD INQUIRIES TRANS UNION LLC WRONGFULLY ALLOWED FROM BOA, TBOM, CONCORA, FPB, CAPITAL ONE, CAPITAL ONE AUTO, FCA, CB, PFS, and COB**

78. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 78 of the Complaint and, therefore, denies those allegations.

79. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Complaint and, therefore, denies those allegations.

80. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 80 of the Complaint and, therefore, denies those allegations.

81. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 81 of the Complaint and, therefore, denies those allegations.

82. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 82 of the Complaint and, therefore, denies those allegations.

83. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 83 of the Complaint and, therefore, denies those allegations.

84.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 84 of the Complaint and, therefore, denies those allegations.

85.     BANA denies the allegations and legal conclusions in Paragraph 85 of the Complaint.

86.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 86 of the Complaint and, therefore, denies those allegations.

87.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 87 of the Complaint and, therefore, denies those allegations.

88.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 88 of the Complaint and, therefore, denies those allegations.

89.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 89 of the Complaint and, therefore, denies those allegations.

90.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 90 of the Complaint and, therefore, denies those allegations.

91.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 91 of the Complaint and, therefore, denies those allegations.

92.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 92 of the Complaint and, therefore, denies those allegations.

### III. DISPUTES WITH EQUIFAX INFORMATION SERVICES LLC

93.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 93 of the Complaint and, therefore, denies those allegations.

94.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 94 of the Complaint and, therefore, denies those allegations.

95.     The allegations set forth in Paragraph 95 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 95 of the Complaint, and, therefore, denies those allegations.

96.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 96 of the Complaint and, therefore, denies those allegations.

-18-

97.     The allegations set forth in Paragraph 97 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 97 of the Complaint, and, therefore, denies those allegations.

**IV. DISPUTES WITH EXPERIAN INFORMATION SOLUTIONS, INC. and CLAIMS CONCERNING UNAUTHORIZED HARD INQUIRIES TRANSUNION LLC WRONGFULLY ALLOWED FROM AMEX, ALLY, CAPITAL ONE, CAPITAL ONE AUTO, CPS, GLS, CAC, EXETER, and SANTANDER**

98.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 98 of the Complaint and, therefore, denies those allegations.

99.     BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 99 of the Complaint and, therefore, denies those allegations.

100.    The allegations set forth in Paragraph 100 of the Complaint are directed at another Defendant and are not directed to BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Paragraph 100 of the Complaint, and, therefore, denies those allegations.

101.    BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 101 of the Complaint and, therefore, denies those allegations.

102. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 102 of the Complaint and, therefore, denies those allegations.

103. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 103 of the Complaint and, therefore, denies those allegations.

104. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 104 of the Complaint and, therefore, denies those allegations.

105. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 105 of the Complaint and, therefore, denies those allegations.

106. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 106 of the Complaint and, therefore, denies those allegations.

107. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 107 of the Complaint and, therefore, denies those allegations.

108. BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 108 of the Complaint and, therefore, denies those allegations.

109.    BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 109 of the Complaint and, therefore, denies those allegations.

110.    BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 110 of the Complaint and, therefore, denies those allegations.

111.    BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 111 of the Complaint and, therefore, denies those allegations.

112.    BANA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 112 of the Complaint and, therefore, denies those allegations.

## V. PLAINTIFF'S DAMAGES

113.    BANA admits that Paragraph 113 of the Complaint purports to refer to cases involving allegations of lower credit score, which speaks for itself. BANA denies the allegations of Paragraph 113 of the Complaint to the extent inconsistent with these cases.

114.    BANA denies the allegations and legal conclusions contained in Paragraph 114 of the Complaint.

### COUNT I- VIOLATIONS OF 15 U.S.C. § 1681c-2 AGAINST TRANS UNION

115-121.    BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 7, 8, 30-92 and 113-114 of the Complaint as though fully restated herein. Count I of the

Complaint, set forth in Paragraphs 115 through 121 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count I of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count I of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT II- VIOLATIONS OF 15 U.S.C. § 1681i AGAINST TRANS UNION

122-127.    BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 7, 8, 30-92 and 113-114 of the Complaint as though fully restated herein. Count II of the Complaint, set forth in Paragraphs 122 through 127 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count II of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count II of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT III- VIOLATIONS OF 15 U.S.C. § 1681b AGAINST TRANS UNION

128-133.    BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 7, 8, 30-92 and 113-114 of the Complaint as though fully restated herein. Count III of the

Complaint, set forth in Paragraphs 128 through 133 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count III of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count III of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

**COUNT IV- VIOLATIONS OF 15 U.S.C. § 1681e(a) AGAINST TRANS UNION**

134-139.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 7, 8, 30-92 and 113-114 of the Complaint as though fully restated herein. Count IV of the Complaint, set forth in Paragraphs 134 through 139 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count IV of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count IV of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT V- VIOLATIONS OF 15 U.S.C. § 1681e(b) AGAINST TRANS UNION

140-145.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 7, 8, 30-92 and 113-114 of the Complaint as though fully restated herein. Count V of the Complaint, set forth in Paragraphs 140 through 145 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count V of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count V of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT VI- VIOLATIONS OF 15 U.S.C. § 1681C-2 AGAINST EXPERIAN

146-152.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 9, 10, 30-77 and 98-114 of the Complaint as though fully restated herein. Count VI of the Complaint, set forth in Paragraphs 146 through 152 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count VI of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count VI of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT VII- VIOLATIONS OF 15 U.S.C. § 1681i AGAINST EXPERIAN

153-158.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 9, 10, 30-77 and 98-114 of the Complaint as though fully restated herein. Count VII of the Complaint, set forth in Paragraphs 153 through 158 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count VII of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count VII of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT VIII- VIOLATIONS OF 15 U.S.C. § 1681b AGAINST EXPERIAN

159-164.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 9, 10, 30-77 and 98-114 of the Complaint as though fully restated herein. Count VIII of the Complaint, set forth in Paragraphs 159 through 164 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count VIII of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count VIII of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT IX- VIOLATIONS OF 15 U.S.C. § 1681e(a) AGAINST EXPERIAN

165-170.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 9, 10, 30-77 and 98-114 of the Complaint as though fully restated herein. Count IX of the Complaint, set forth in Paragraphs 165 through 170 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count IX of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count IX of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT X- VIOLATIONS OF 15 U.S.C. § 1681e(b) AGAINST EXPERIAN

171-176.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 9, 10, 30-77 and 98-114 of the Complaint as though fully restated herein. Count X of the Complaint, set forth in Paragraphs 171 through 176 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count X of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count X of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XI- VIOLATIONS OF 15 U.S.C. § 1681i AGAINST EQUIFAX

177-182.    BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 9, 10, 30-77, 93-97 and 113-114 of the Complaint as though fully restated herein. Count XI of the Complaint, set forth in Paragraphs 177 through 182 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XI of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XI of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XII- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST BANK OF AMERICA CORPORATION

183.    BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 13, 30-79, 85 and 113-114 of the Complaint as though fully restated herein.

184.    BANA denies the allegations and legal conclusions of Paragraph 184 of the Complaint.

185.    BANA denies the allegations and legal conclusions of Paragraph 185 of the Complaint.

186.    BANA denies the allegations and legal conclusions of Paragraph 186 of the Complaint.

187.    BANA denies the allegations and legal conclusions of Paragraph 187 of the Complaint.

188.    BANA denies the allegations in the WHEREFORE clause in Paragraph 188 of the Complaint and further denies that Plaintiff has stated a claim against BANA or is entitled to any of the relief sought in the Complaint.

## COUNT XIII- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST BANK OF MISSOURI

189-194.    BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 14, 30-79, 86 and 113-114 of the Complaint as though fully restated herein. Count XIII of the Complaint, set forth in Paragraphs 189 through 194 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XIII of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XIII of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XIV- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST CONCORA CREDIT INC.

195-200.    BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 15, 30-79, 86, 90 and 113-114 of the Complaint as though fully restated herein. Count XIV of the Complaint, set forth in Paragraphs 195 through 200 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.

-28-

To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XIV of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XIV of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XV- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST FIRST PREMIER BANK

201-206.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 16, 30-79, 88 and 113-114 of the Complaint as though fully restated herein. Count XV of the Complaint, set forth in Paragraphs 201 through 206 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XV of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XV of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XV- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST CAPITAL ONE BANK, N.A. [2]

207-212.    BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 17, 30-79, 87, 98-101, 107, and 113-114 of the Complaint as though fully restated herein. Count XV of the Complaint, set forth in Paragraphs 207 through 212 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XV of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XV of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XVI- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST CAPITAL ONE AUTO FINANCE

213-218.    BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 18, 30-79, 87, 98-101, 107, and 113-114 of the Complaint as though fully restated herein. Count XVI of the Complaint, set forth in Paragraphs 213 through 218 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in

---

[2] The Complaint incorrectly labels both this Count against Capital One Bank, N.A. and the previous Count against as First Premier Bank as "COUNT XV," resulting in misnumbered counts thereafter. BANA adopts the count labels as they appear in Plaintiff's Complaint to ensure clarity as to the counts to which BANA is responding.

Count XVI of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XVI of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XVII- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST FLAGSHIP CREDIT ACCEPTANCE

219-224.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 19, 30-79, 89, and 113-114 of the Complaint as though fully restated herein. Count XVII of the Complaint, set forth in Paragraphs 219 through 224 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XVII of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XVII of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XVIII- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST CELTIC BANK

225-230.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 20, 30-79, 90, and 113-114 of the Complaint as though fully restated herein. Count XVIII of the Complaint, set forth in Paragraphs 225 through 230 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without

sufficient knowledge or information to admit or deny those allegations in Count XVIII of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XVIII of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XIX- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST PRESTIGE FINANCIAL SERVICES

231-236.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 21, 30-79, 91, and 113-114 of the Complaint as though fully restated herein. Count XIX of the Complaint, set forth in Paragraphs 231 through 236 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XIX of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XIX of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XX- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST CREDIT ONE BANK, N.A.

237-242.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 22, 30-79, 92, and 113-114 of the Complaint as though fully restated herein. Count XX of the Complaint, set forth in Paragraphs 237 through 242 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.  To the

extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XX of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XX of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

### COUNT XXI- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST AMERICAN EXPRESS CORPORATION

243-248.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 23, 30-77, 98-101, 105, and 113-114 of the Complaint as though fully restated herein. Count XXI of the Complaint, set forth in Paragraphs 243 through 248 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XXI of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XXI of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

### COUNT XXII- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST ALLY FINANCIAL

249-254.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 24, 30-77, 98-101, 106, and 113-114 of the Complaint as though fully restated herein. Count XXII of the Complaint, set forth in Paragraphs 249 through 254 of the

Complaint, is directed at other parties to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XXII of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XXII of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XXIII- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST CONSUMER PORTFOLIO SERVICES INC.

255-260. BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 25, 30-77, 98-101, 108, and 113-114 of the Complaint as though fully restated herein. Count XXIII of the Complaint, set forth in Paragraphs 255 through 260 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XXIII of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XXIII of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XXIV- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST GLOBAL LENDING SERVICES

261-266. BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 26, 30-77, 98-101, 109, and 113-114 of the Complaint as though fully restated herein.

Count XXIV of the Complaint, set forth in Paragraphs 261 through 266 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XXIV of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XXIV of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XXV- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST CREDIT ACCEPTANCE CORP.

267-272. BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 27, 30-77, 98-101, 109, and 113-114 of the Complaint as though fully restated herein. Count XXV of the Complaint, set forth in Paragraphs 267 through 272 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XXV of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XXV of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XXVI- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST EXETER FINANCE LLC

273-278.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 28, 30-77, 98-101, 111, and 113-114 of the Complaint as though fully restated herein. Count XXVI of the Complaint, set forth in Paragraphs 273 through 278 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XXVI of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XXVI of the Complaint. BANA further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## COUNT XXVII- VIOLATIONS OF 15 U.S.C. § 1681b(f) AGAINST SANTANDER CONSUMER USA INC.

279-284.   BANA incorporates by reference its responses to Paragraphs 1, 4, 5, 6, 28, 30-77, 98-101, and 112-114 of the Complaint as though fully restated herein. Count XXVII of the Complaint, set forth in Paragraphs 279 through 284 of the Complaint, is directed at other parties to this matter and, thus, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations in Count XXVII of the Complaint and, therefore, denies the allegations and any subsequent "WHEREFORE" clause contained within Count XXVII of the Complaint. BANA

further denies that Plaintiff has stated a cause of action or that Plaintiff is entitled to the relief sought or damages claimed in the Complaint.

## JURY DEMAND

BANA denies that Plaintiff is entitled to a jury trial for any of his asserted causes of action.

## GENERAL DENIAL

BANA denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

BANA states the following defenses to Plaintiff's Complaint without assuming the burden of proof on any such defense that would otherwise rest on Plaintiff. BANA reserves the right to amend and/or supplement its responses to Plaintiff's allegations, as well as these avoidances and defenses, as additional information is obtained through the discovery process or otherwise.

### First Affirmative Defense
### (Failure to State a Claim)

Plaintiff fails to allege sufficient facts to state a claim upon which relief can be granted in that BANA did not have actual knowledge of Plaintiff's representation.

### Second Affirmative Defense
### (Lack of Standing)

Plaintiff did not incur any damages or loss as a result of any act or conduct by BANA. Thus, Plaintiff lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

### Third Affirmative Defense
### (Existence of Agreements)

Plaintiff was a party to one or more written agreements with BANA.  BANA asserts the fact of such agreements, as well as the terms of such written agreements, act as a bar to Plaintiff's claims.

### Fourth Affirmative Defense
### (Ratification and/or Waiver)

Plaintiff's claims are barred by the doctrines of ratification and/or waiver.

### Fifth Affirmative Defense
### (Setoff)

BANA is entitled to an offset and/or setoff due to Plaintiff's default and amounts due and owing on the Account.

### Sixth Affirmative Defense
### (Speculative Damages)

Any damage or loss Plaintiff did incur as a result of any act or conduct by BANA would be speculative at best and thus too uncertain for recovery.

### Seventh Affirmative Defense
### (Mistake)

Any alleged acts or omissions of BANA that give rise to Plaintiff's causes of action are the result of innocent mistake.

### Eighth Affirmative Defense
### (Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts,

-38-

omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, but not BANA.

## Ninth Affirmative Defense
### (Causation)

Plaintiff fails to show that any alleged acts or omissions of BANA caused the injuries or damages claimed by Plaintiff.

## Tenth Affirmative Defense
### (Failure to Mitigate)

BANA states Plaintiff has failed in whole or in part to mitigate Plaintiff's damages, if any.

## Eleventh Affirmative Defense
### (Unjust Enrichment)

Plaintiff would be unjustly enriched if allowed to recover under the Complaint.

## Twelfth Affirmative Defense
### (Compliance with Law)

BANA met or exceeded the requirements of all applicable laws, regulations, and standards applicable to BANA.

## Thirteenth Affirmative Defense
### (Good Faith/Conformance with Applicable Standards)

With respect to all matters alleged in the Complaint, BANA at all times acted in good faith and in conformance with all applicable government and industry standards, thus precluding any recovery by Plaintiff.

## Fourteenth Affirmative Defense
### (Lack of Malice)

BANA specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff. Plaintiff's claim that BANA committed willful violations of the Fair Credit Reporting Act is barred by the principles articulated in *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201 (2007).

## Fifteenth Affirmative Defense
### (Punitive Damages)

To the extent Plaintiff's Complaint seeks punitive damages, BANA pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.  Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.  BANA adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).

## Sixteenth Affirmative Defense
### (Arbitration)

Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account, and BANA reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

WHEREFORE, having fully answered or otherwise responded to the allegations contained in the Complaint, BANA respectfully requests that:

(1) The Complaint be dismissed in its entirety with prejudice, with all costs taxed against Plaintiff;

(2) BANA recover its attorney's fees and costs; and

(3) BANA recover such other additional relief as the Court deems just and appropriate.

Dated: May 26, 2026                    Respectfully submitted,

By      */s/ Jason R. Bowyer*
          Jason R. Bowyer (Lead Counsel)
          Florida Bar No. 0693731
          jbowyer@mcguirewoods.com
          flservice@mcguirewoods.com
          Edward Paul Cuffe
          FL Bar No. 1018521
          pcuffe@mcguirewoods.com
          fladmin@mcguirewoods.com
          **McGuireWoods LLP**
          50 North Laura Street, Suite 3300
          Jacksonville, Florida 32202
          (904) 798-3200
          (904) 798-3207 (fax)

          *Counsel for Defendant Bank of America, N.A.*

-42-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2026, a true copy of the foregoing was filed with the Court using the CM/ECF system. Furthermore, a copy has also been furnished via Email to the following:

**Via Email:**

Eyal Eisig, Esq.
Sharmin & Sharmin, P.A.
830 North Federal Highway
Lake Worth Beach, FL 33460
eyal@sharminlaw.com

*/s/ Jason R. Bowyer*
Attorney